UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jimmy Dickerson, # 157113, | ) C/A No. 6:06-321-RBH-WMC |
| Plaintiff, | ) |
| vs. | ) Report and Recommendation |
| Dr. Alewine, | ) |
| Defendant. | ) |

The plaintiff, Jimmy Dickerson ("Plaintiff"), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983.[1] Plaintiff is an inmate at Broad River Correctional Institution, a facility of the South Carolina Department of Corrections (SCDC). Plaintiff attempts to proceed in this action *in forma pauperis* under 28 U.S.C. § 1915. The complaint names as the sole defendant a physician, apparently employed at the prison. Plaintiff's complaint does not allege facts that suggest "imminent danger of serious physical injury," and the plaintiff is therefore prohibited from proceeding without prepayment of the full filing fee pursuant to 28 U.S.C. § 1915(g). The complaint should be dismissed, even if the full filing fee is paid, for failure to state a claim on which relief may be granted.

### *Pro Se* and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: Denton

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951 (4th Cir. 1995) (*en banc*), *cert. denied*, 516 U.S. 1177 (1996); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

The complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." Denton v. Hernandez, 504 U.S. 25, 31 (1992). Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. Neitzke v. Williams, 490 U.S. 319 (1989); Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995).

The Plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction. Hughes v. Rowe, 449 U.S. 5 (1980); Estelle v. Gamble, 429 U.S. 97 (1976); Haines v. Kerner, 404 U.S. 519 (1972); Loe v. Armistead, 582 F. 2d 1291 (4th Cir. 1978); Gordon v. Leeke, 574 F. 2d 1147 (4th 1978). *Pro se* pleadings are held to a less stringent standard than those drafted by attorneys. Hughes v. Rowe, supra. Even under this less stringent standard, however, the *pro se* Complaint is still subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Dep't of Social Sciences, 901 F. 2d 387 (4th Cir. 1990).

**Background**

Plaintiff has, on three prior occasions, filed complaints that were dismissed as frivolous and deemed "strikes" for purposes of 28 U.S.C. § 1915(g).[2] In Dickerson v. Miro, C/A No. 4:97-3677 (D.S.C. 1997), the Report and Recommendation of the United States Magistrate Judge recommended a "strike" for purposes of 28 U.S.C. § 1915(g). On the basis of two prior frivolous dismissals, the Report and Recommendation suggested that the Clerk of Court not file any further actions without prepayment of the filing fee.[3] The Report and Recommendation was expressly adopted by the presiding United States District Judge. Thus, Plaintiff was "struck out" under the PLRA in 1997. The Report and Recommendation in Dickerson v. Franklin, C/A No. 4:98-1735 (D.S.C. 1998), also notes the "strike out." Thus, the complaint must allege facts that show Plaintiff is under imminent danger of serious physical injury, in order for Plaintiff to proceed without prepayment of the full filing fee.

The complaint herein is similar to prior complaints filed by Plaintiff. *See* Dickerson v. McKnight, C/A No. 6:04-22649 (D.S.C. 2004); Dickerson v. McKnight, C/A No. 6:05-107 (D.S.C. 2005); Dickerson v. McKnight, C/A No. 6:05-2253 (D.S.C. 2005). The statement

---

[2] Title 28 U.S.C. § 1915(g) provides:
In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained n any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

[3] Two of Plaintiff's prior cases were dismissed as frivolous. *See* Dickerson v. Ward, C/A No. 4:96-2982 (D.S.C. 1996); and Dickerson v. Ward, C/A No. 4:96-2981 (D.S.C. 1996).

3

of claim in the complaint contains much of the same disjointed information stated in Plaintiff's prior cases involving incidents at places of prior confinement. Plaintiff's claim concerning foot pain is the only information conveyed that possibly relates to current events. The complaint states in pertinent part :

> Inmate Jimmy Dickerson need surgery on his foot its aches in pain about three year I walk very slow I have a knot in center of my foot the doctor at Kirkland Corr Inst cut the skin off no surgery... I need a walking cane I'm in pain... the pain aches my foot aches each second and nighttime need surgery on all two foot me drag and limp in pain foot aches from suffer I need a wheel chair and a walking ... court order of serious physical injury... the defendant Dr. Alewine Doctor... Dr. Alewin Doctor "his freedom" and one hundred million dollars.... [verbatim]

The complaint also has two attachments. The first attachment is a "step 1" inmate grievance form dated December 23, 2005, which contains much of the same information concerning Plaintiff's foot pain. The grievance does add the information that "the doctor at Kirkland Corr Inst cut the skin out two weeks ago." The grievance form only has information provided by Plaintiff, and is not marked as received by prison personnel. The second attachment to the complaint is a "request to staff member" directed to the Defendant, marked received January 24, 2003, by "BRCI Medical Record," which does not pertain to Plaintiff's foot pain.

## Discussion

Allegations concerning incidents at prior places of confinement do not state a claim of "imminent" injury, as required by 28 U.S.C. § 1915(g). Thus, Plaintiff cannot file those claims without prepayment of the full filing fee. Similarly, the complaint's allegations of foot pain do not convey "imminent danger of serious physical injury." The complaint states that Plaintiff's foot has been painful for three years. The complaint does not explain what has changed, or how the painful foot now places Plaintiff "under imminent danger of serious

4

physical injury." Plaintiff should be barred from bringing this action without prepayment of the filing fee because on three prior occasions he has filed complaints that were dismissed as frivolous and deemed "strikes" for purposes of 28 U.S.C. § 1915(g), and his current complaint does not allege facts that establish "imminent danger of serious physical injury," as required.

Even if Plaintiff paid the full filing fee, his complaint is subject to summary dismissal for failure to state a claim. The complaint makes no specific allegations concerning Dr. Alewine, the named Defendant. Also, the plaintiff's conclusory statements that he needs surgery are not sufficient factual allegations to support a claim for constitutional violations. At most, giving liberal construction, the complaint attempts to claim deliberate indifference to a serious medical need. With respect to medical care, a prisoner in a § 1983 case "must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). The complaint, however, fails to do more than make conclusory statements that Plaintiff needs surgery on his foot. The Supreme Court in Estelle pointed out that not "every claim by a prisoner that he has not received adequate medical treatment states a violation." Id. at 105. It can be inferred from the complaint that Plaintiff is under the care of a physician. The complaint, and first attachment, state that "the doctor at Kirkland Corr Inst cut the skin out two weeks ago" in reference to Plaintiff's foot. Apparently Plaintiff is receiving some medical attention for his foot problem. At most, the complaint states a difference of opinion between the treatment Plaintiff is receiving for his foot, and the treatment Plaintiff believes he should receive. A difference of opinion is not sufficient to state deliberate indifference to a serious medical need. "Although the Constitution does require that prisoners be provided with a certain

5

minimum level of medical treatment, it does not guarantee to a prisoner the treatment of his choice." Jackson v. Fair, 846 F.2d 811, 817 (1st Cir. 1988). Although the provision of medical care by prison officials is not discretionary, the type and amount of medical treatment is discretionary. *See* Brown v. Thompson, 868 F. Supp. 326 (S.D.Ga. 1994)(collecting cases). The complaint fails to state a claim against the named defendant for deliberate indifference to a serious medical need. *See* White v. White, 886 F.2d 721, 723 (4th Cir. 1989) (dismissal of plaintiff's complaint because "failed to contain any factual allegations tending to support his bare assertion").

### Recommendation

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process. *See* Denton v. Hernandez, supra; Neitzke v. Williams, supra; Haines v. Kerner, supra; Brown v. Briscoe, 998 F.2d 201, 202-204 & n. * (4th Cir. 1993); Boyce v. Alizaduh, supra; Todd v. Baskerville, supra, 712 F.2d at 74; 28 U.S.C. § 1915A [as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal]. The plaintiff's attention is directed to the notice on the following page.

s/William M. Catoe
United States Magistrate Judge

February 24, 2006
Greenville, South Carolina

6

## Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"
## &
## The *Serious Consequences* of a Failure to Do So

      The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of service.  28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail.  Fed. R. Civ. P. 6.  A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge.  *See* Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993).

      During the period for filing objections, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections.  **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.**  *See* Keeler v. Pea, 782 F. Supp. 42, 43-44 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467 (D.Utah 1995).  Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge.  *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985).  Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object.  In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues.  Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991).  *See also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985).  In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object.  The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless.  * * *  This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act.  * * *  We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review.  * * *  A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

*See also* Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review").  **This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections.**  *See* Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16 (2nd Cir. 1989).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk**
**United States District Court**
**P. O. Box 10768**
**Greenville, South Carolina 29603**